UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L. BASKIN,

     Plaintiff,

v.                                                                Case No. 3:21cv698-MCR-HTC

AARON LEAVINS, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Edward L. Baskin commenced this action by delivering to prison mail officials on April 19, 2021, a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).

The Court directed the Plaintiff to file an amended complaint and to either pay the filing fee or submit a motion to proceed *in forma pauperis*, as required by Local Rule 5.3 ("A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915."). ECF Doc. 3. The Plaintiff filed an amended complaint (ECF Doc. 7) but did not pay the fee or file an *in forma pauperis* motion

within the time required.  Instead, Plaintiff filed two nonsensical motions, identical

to one another, titled "motion to access courts without sale, denial or delay."  ECF

Docs. 4, 5.  The Court denied both motions and extended Plaintiff's time to file a

motion to proceed *in forma pauperis* or pay the filing fee.  ECF Doc. 6.

Plaintiff, however, did not do so as directed, resulting in the Court issuing a

show cause order on June 7, 2021, giving Plaintiff fourteen (14) days to show cause

why the case should not be recommended for dismissal.  ECF Doc. 8.  On June 15,

2021, Plaintiff delivered a response to the show cause order to Lake Correctional

Institution ("Lake CI") mail officials.  ECF Doc. 9.  In the response, Plaintiff

contends, without support, that the institution is not giving him a 6-month statement.

For the reasons set forth below, the undersigned recommends the amended

complaint be dismissed for failure to disclose and failure to follow orders of the

Court.

## I.    FAILURE TO DISCLOSE

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC"),

currently housed at Lake CI.  At the end of the amended complaint, Plaintiff signed

his name after the following statement: "I declare under penalty of perjury that the

foregoing (including all continuation pages) is true and correct."  ECF Doc. 7 at 12-

13.  Despite that declaration, Plaintiff made a false representation regarding his prior

cases.

Specifically, Plaintiff's amended complaint includes a section about Plaintiff's previous litigation history which asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the condition of your confinement?" *Id.* at 11. The complaint form requires Plaintiff to identify and describe <u>all</u> lawsuits responsive to this question. Plaintiff left the question completely blank and, thus, did not disclose any other federal court cases. *Id.* at 11-12.

Despite the form's clear language, Plaintiff ***did not*** identify thirteen (13) other actions he filed with this District or four (4) actions he previously filed in the Middle District of Florida. The actions Plaintiff failed to disclose are as follows:

*Baskin v. Leavins*, et al., No. 3:21cv694-MCR-HTC (N.D. Fla. filed April 21, 2021)

*Baskin v. Leavins*, et al., No. 3:21cv695-LC-EMT (N.D. Fla. filed April 21, 2021)

*Baskin v. Leavins*, et al., No. 3:21cv698-MCR-HTC (N.D. Fla. filed April 21, 2021)

*Baskin v. Hair*, et al., No. 3:21cv700-LC-HTC (N.D. Fla. filed April 21, 2021)

*Baskin v. Clemmons*, et al., No. 3:21cv701-LC-HTC (N.D. Fla. filed April 21, 2021)

*Baskin v. Bolton*, et al., No. 3:21cv7002-LC-HTC (N.D. Fla. filed April 21, 2021)

*Baskin v. Immensota*, et al., No. 3:21cv703-MCR-EMT (N.D. Fla. filed April 21, 2021)

*Baskin v. Johnson*, et al., No. 3:21cv704-LC-EMT (N.D. Fla. filed April 21, 2021)

*Baskin v. Jacobsen*, et al., No. 3:21cv706-LC-EMT (N.D. Fla. filed April 21, 2021)

*Baskin v. Givens*, et al., No. 3:21cv707-MCR-HTC (N.D. Fla. filed April 21, 2021)

*Baskin v. Inch*, et al., No. 3:21cv709-LC-EMT (N.D. Fla. filed April 21, 2021)

*Baskin v. Unknown,* et al., No. 3:21cv710-LC-HTC (N.D. Fla. filed April 21, 2021)

*Baskin v. Clemmons*, et al., No. 3:21cv711-MCR-EMT (N.D. Fla. filed April 21, 2021)

*Baskin v. Secretary DOC*, et al., No. 2:19cv85-JLB-NPM (M.D. Fla. filed February 11, 2019)

*Baskin v. Dr. Brown*, et al., No. 3:20cv1326-MMH-PDB (M.D. Fla. filed November 23, 2020)

*Baskin v. Secretary, Department of Corrections,* et al., No. 2:21cv126-JLB-NPM (M.D. Fla. filed February 17, 2021)

*Baskin v. Tolley*, et al., No. 2:20cv560-JES-NPM (M.D. Fla. filed August 3, 2020)

The complaint form also expressly warns that "[f]ailure to disclose all prior cases may result in the dismissal of this case." ECF Doc. 7 at 12. Moreover, the Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it, especially as here, where Plaintiff knew his responses were not complete.

If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the complaint form. The Court should not allow Plaintiff's false response to go unpunished. As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Thus, an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See, e.g*, *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding prisoner's failure to disclose previous federal lawsuit constituted abuse of the judicial process warranting dismissal, and prisoner's misrepresentation was not excused by his explanation that he misunderstood the complaint form); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

## II.    FAILURE TO FOLLOW ORDERS OF THE COURT

As an additional and separate ground for dismissal, Plaintiff has failed to follow orders of this Court.  On April 23, 2021, the Court also directed Plaintiff to file a complete motion to proceed *in forma pauperis* or pay the $402.00 filing fee. ECF Doc. 3.  Plaintiff, however, has not done so.  Instead, as stated above, Plaintiff filed a "Reply to Show Cause of Action," asserting that prison officials are "intentionally interfer[ing]" with his "access to the Courts," and seeking to "proceed this case pursuant to sovereignty under Fla. Const. Art. 1. Section 12."  ECF Doc. 9 at 1.  Although Plaintiff references grievances being filed, he attaches none to the Reply.

Plaintiff's Reply is not the first time Plaintiff has lodged unsubstantiated allegations against prison officials for his failure to comply with this Court's orders. On April 21, 2021, the clerk docketed nineteen (19) cases Plaintiff filed in this District.  On May 5, 2021, the clerk also docketed, in several of those cases, including this case, a motion titled "Motion to Access Courts Without Sale, Denial or Delay."  ECF Docs. 4, 5.  In that "motion," Plaintiff alleged he was unable to request and receive from the classification officer a complete financial certificate and printout of his inmate account statement and that the officer was "retaliating and intentionally obstructing justice in the existence of depriving [him] of necessary documents to proceed in forma pauperis."  *See id.*

The undersigned denied the motion in each of Plaintiff's cases assigned to the undersigned, and in doing so, specifically advised Plaintiff he had not provided any evidence he had exhausted the issue raised with the institution or the FDOC, and further that the Court's rules require the Plaintiff to file a motion to proceed *in forma pauperis* "simultaneously" with the complaint. *See id.,* ECF Doc. 6; N.D. Fla. Loc. R. 5.3. Despite having been told he needs to provide evidence of any interference by prison officials and of his obligation to have sought indigency status at the time of filing the complaint, Plaintiff nonetheless insists on being able to proceed without paying the fee or filing an *in forma pauperis* motion and has continued to file complaints in this Court.

Although it is not atypical for the Court to allow a plaintiff to submit a completed application to proceed *in forma pauperis* after a complaint is filed, there is no indication in this case that Plaintiff intends to comply with his obligation or that he can or will provide proof to the Court of why he cannot comply with this obligation. The Court notes, in particular, that since April 21, 2021, Plaintiff has filed at least twenty-seven (27) complaints in this District, five (5) of which were filed after June 1, 2021, and none of which include a motion to proceed *in forma pauperis* or the requisite filing fee.[1]

------

[1] Indeed, two of the cases were assigned to the undersigned and, consistent with this report and recommendation, the undersigned has recommended dismissal in those cases as well. *See Baskin v. Leavins*, 321cv824MCR and *Baskin v. White*, 321cv825MCR.

Case No. 3:21cv698-MCR-HTC

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED that:

1.      This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process and for failure to comply with Court orders.

2.      The clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of June, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:21cv698-MCR-HTC

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.